The first case on our call this morning is Agenda No. 4, No. 129201, 129237, Consolidated Cases, People of the State of Illinois v. Don Redmond et al. Now, we understand that this is a case, a consolidated case, in which there were different results in the appellate court. Therefore, we're in kind of an unusual situation where the parties are not in the clear lines of who is the appellate and who is the appellant. However, the parties have graciously agreed to discuss the issue and agreed how we will proceed today. And my understanding is that the first speakers, we'll just call them, will be Mr. Mertz and Mr. Carman, and they will split their time for 15 minutes. And then the next speaker will be Mitchell John Nutt. And then back to rebuttal, the two lawyers will split up their time five minutes apiece. I think that's the agreement, correct? Yes. Okay. First counsel, you may begin. Good morning, and may it please the court and counsel, my name is James Mertz. I represent the defendant appellant, Vincent Molina. I'm honored this morning to be joined by my colleague, Mr. Bruce Carman, counsel for the defendant appellee, Barrett Redmond, in these consolidated cases now before you on appeal. The possession of cannabis has been legalized in the state of Illinois. The odor of marijuana is now an aroma of legality. The odor of cannabis emitting from a motor vehicle standing alone no longer provides a law enforcement officer with probable cause to believe that the vehicle contains evidence of a crime. Rather, the odor of cannabis now represents but one factor in the probable cause analysis. I'll briefly review the facts of the case below. As to Mr. Molina, on December 3rd, 2020, Mr. Molina was a passenger in a motor vehicle traveling on Interstate 88 in rural Lafayette County, Illinois. The vehicle was stopped for speeding. After the traffic stopped, Illinois State Police Trooper Wegand approached the vehicle on the passenger's side. The trooper smelled the odor of raw cannabis coming from the motor vehicle. And on that basis alone, the trooper asked Mr. Molina to step outside of the vehicle, and the trooper searched the vehicle. Mr. Molina filed a motion to suppress, and in that motion argued that as a result of the legalization of the possession of cannabis, the odor of cannabis no longer established probable cause with which to justify a vehicle search. The trial court granted the motion to suppress, and in his ruling, his honor, Judge Dalton, observed that to hold otherwise, to deny the motion to suppress, would place a citizen in the untenable position of exercising his rights under the Cannabis Regulation and Tax Act while forfeiting his rights under the Fourth Amendment of the United States Constitution in Article I, Section 6 of the Illinois Constitution. Counsel, what statute are you relying on for your argument? Well, principally, your honor, I rely on the Fourth Amendment of the U.S. Constitution in Article I, Section 6 of the Illinois Constitution. With reference to the statutory scheme associated with the regulation of the transportation of cannabis, we believe that the most recent acts, specifically, and I refer to them as acts as opposed to the vehicle code, the most recent acts, the Cannabis Regulation Act and Compassionate Use Act, are the acts that are the most recent and the most cannabis-specific acts, and therefore they apply. Okay. Another question. Does the Illinois Vehicle Code have any place in your analysis, or does the Cannabis Act nullify the provisions of the Illinois Vehicle Code, which may apply to this? Thank you, your honor. I answer that question two ways. First, I think that the government attempts to distract us with the issue of the containers that are used for the purpose of transportation of cannabis, and frankly, whether the vehicle code prevails or whether the acts prevail matters not to the constitutional analysis that's now before you. However, having said that, the cannabis acts are more recent and they are more cannabis-specific, and therefore they connote the legislative intent that they would apply with respect to the transportation of cannabis. Mr. Murtis, is there any act, vehicle code or Cannabis Act, Compassionate Use Act, that does not have an odor-proof requirement? The vehicle code has the odor-proof requirement, but yes, the Cannabis Act, I refer to the Compassionate Use Act, which would be the Medical Cannabis Act, and then the subsequent Legalization Act, neither one of them have an odor-proof requirement. What do they say about how you are to store the cannabis if you have it in your vehicle? Does it speak to odor at all? Yes, your honor. Specifically, those acts provide, in fact, we're dealing with the Recreational Cannabis Act, specifically a four-time ILCS 705-1035-82D provides recreational cannabis may be transported in a private vehicle if it is, quote, in a reasonably secured, sealed container and reasonably inaccessible while the vehicle is moving. Neither that act nor the Compassionate Use Act include the language odor-proof. And so reasonably sealed, does that infer something with respect to the odor and what an officer should consider when determining whether or not he or she has a probable cause? No, it does not, for multiple reasons. First and foremost, if it was the legislature's intent to restrict the odor in a vehicle, first of all, I don't think that that's scientifically possible, but we'll get to that as the second part of my analysis of your question. The legislature does not include the words odor-proof within either one of those two provisions of the act. The word odor does not appear in that. Reasonably sealed, reasonably inaccessible, reasonably secured and sealed does not include any reference with respect to the term odor. But having said that, even if this court were to find that cannabis must be transported in an odor-proof container, that wouldn't necessarily then lead to the result that if there's any odor of cannabis in the motor vehicle that that warrants vehicle search. The odor of cannabis can exist even if cannabis is being transported in an odor-proof container. As His Honor, Judge Dalton, found in the court below, it is common knowledge that the odor of cannabis is strong, it is pungent, it can pervade and permeate the fabric of clothing, it can get on the skin, and it can exist in the passenger compartment of a vehicle even if cannabis is being transported in the vehicle in an odor-proof container or even if there's no cannabis of any kind whatsoever in the vehicle. So counsel, obviously the statutes that we're talking about deal with a very specific piece of the Cannabis Act, specifically concerns the legislature had for people who are impaired driving. In other words, possession is not illegal, but all these concerns that the legislature had about people using, smoking or whatever, using in the car or in fact transporting it. In many ways, those statutes seem to be very similar to how for many, many years the legislature has looked at alcohol, not allowing alcohol consumption in a car. Not allowing, being very careful about how alcohol is regulated when it's being transported. Again, the idea that alcohol is legal, but the concerns about traffic safety, driving safety and impaired drivers. So why aren't we looking at the alcohol cases and how courts have looked at those? And when they determine whether or not, here, there's probable cause to search the car. I think we absolutely can look to those alcohol cases. And in fact, in our initial brief, we actually discussed those very cases. I believe, and as we've argued in our brief, that the order of cannabis is a factor that a police officer can consider in the probable cause calculus. Just as the officer can consider the order of alcohol in the probable cause calculus. Your question calls upon us to focus on the very issue that's before you now. And that issue before you is whether or not the order of cannabis is the sole and exclusive factor to the exclusion of all other factors. Or whether in light of the legalization of cannabis, the order of cannabis has now become one component of the overall calculus of the officer's probable cause determination. Just as the officer may approach the vehicle and observe the order of alcohol and consider that order of alcohol in her probable cause evaluation, considering it with other factors, for example, impaired driving, the presence of an open container in the vehicle, other factors that the officer may consider in a DUI investigation, for example, so too can the officer consider the order of cannabis in the calculus. So too can the officer consider the order of cannabis in the evaluation of whether there's a basis to search the vehicle. The difference between the government and our position is that the government argues in the brief that the officer may consider the totality of the circumstances, but then narrows that totality of the circumstances down to one circumstance. The order of cannabis is the be-all and end-all of the probable cause determination. So says the government. It's the position of the defendant appellant that is not the be-all and end-all of the probable cause determination. Counsel, when you're talking about other factors that they should or could have considered, under these facts, what are other facts or circumstances that this officer would have considered other than a strong odor of raw cannabis? What else could he have considered? None whatsoever, and that's why this case is so important. This is what I used to refer to in law school as a clean case because it doesn't involve any other factors the officer had to his avail when he made the determination to ask my client to step out of the vehicle. The officer conceded in his testimony on the motion to suppress that the sole and exclusive basis for asking my client to exit the vehicle and searching the vehicle was the odor of raw cannabis. The officer admitted that there was no other basis upon which he searched the vehicle, and it was that very testimony on which his Honor Judge Dalton relied in granting the defendant's motion to suppress. There were no other circumstances. That's why suppression was warranted, and that's really keying upon the issue that's before you now. Now, as this Court is aware, there's been a sea change in the law since this Court decided Stout way back in 1985. As the Third District recently opined in its stripling decision decided at the end of 2022, Stout is no longer applicable to post-legalization fact patterns. This development comes as no surprise to our law's evolution. In Hill, this Court foreshadowed this morning's argument. Hill, of course, was a pre-legalization case. There, in Hill, this Court addressed the impact of decriminalization in the probable cause analysis, and this Court observed, quote, This is not synonymous with legalization. Because cannabis remains unlawful to possess, any amount of marijuana is considered contraband. To this Court in Hill, it was axiomatic that when possession of cannabis was illegal, the order of it within a motor vehicle would establish probable cause with which to believe that illegal activity was occurring. But under that very same logic, now that the possession of cannabis has become legal, the order of it within a motor vehicle by itself no longer establishes probable cause to believe that illegal activity is occurring. Now, that is the salient wisdom of Hill. May I ask you another question about the odor idea? Again, the statute makes it clear that the use, I think is the verb, of marijuana in a vehicle is illegal. And you're saying that the smell alone is not sufficient to be the basis of probable cause, that this person was using marijuana in the car. Correct. Is that right? Tell me why you say that. I mean, is that a scientific kind of basis that, you know, the smell of marijuana, the smell of cannabis lasts X amount of hours, there's a difference, something like that? Why do we assume, why are you saying that the smell of marijuana in a car when someone's driving down the highway is not of significant evidentiary weight to be at least probable cause that they have recently used it in the car? Why not? Thank you, Your Honor. As His Honor Judge Dalton found, the odor of cannabis is particularly pungent. The odor of cannabis is pervasive and it can exist on a person without that person having recently consumed cannabis or without that person having consumed or possessed it at all. For example, a person who sets foot in a dispensary will smell of cannabis notwithstanding that he or she may not have cannabis within his car. This is someone who's been driving on the highway for some time. For example, the one person said they were driving from Des Moines to Chicago. They were in the car a long time because it's somewhere in the middle of the state where they can stop. So they had a pungent smell on them in that moment. Why isn't it reasonable for the police officer to at least have probable cause to say that pungent odor in this moment, they've been in a car for a long time, this car, therefore, more probably than not, they were using marijuana in this car, which is against the law. Because, as Judge Dalton found, and as this court suggested in Hill when the court must focus on the plausibility of an innocent explanation, a person can have the odor of cannabis on his person without having recently consumed cannabis or without having possessed or consumed cannabis whatsoever. For example, if I visit a friend who's a smoker and I sit with my friend in a closed quarters and my friend smokes cigarettes and I leave and I'm driving home, I'm going to smell of cigarettes even though I've not. Is there any scientific evidence to tell us how long that lingers? I can see an argument saying in this moment he's been in a car for hours coming from Des Moines and there's a strong smell. Doesn't that at least give us some indication that this person was using in this car? Why aren't the two ideas closely linked? Where does it come from, this idea that it could have happened hours and days before? Where does that come from? The most accurate answer that I can give you, Your Honor, is that it might. And I want to explain why it is that I answer that way. Because it is a factor that the officer can consider in the probable cause calculus. But, Your Honor, when you asked me that question, you addressed other factors that also existed. Not just the smell, but, for example, in the case of Mr. Revenant, he was traveling from Des Moines to Chicago. How long had he been in the vehicle? Does the officer know how long he's been in the vehicle? There are other factors that Your Honor asked me about in the probable cause calculus. So, as Judge Dalton said, it is common knowledge that marijuana's odor is pungent. It is pervasive. It permeates the skin. It permeates the clothes. And it lasts on an individual. And it can be very strong on an individual for an extended period of time without establishing that that person possessed or consumed cannabis. That said, if there are other factors at play, for example, if the officer sees smoke wafting out of the vehicle, and perhaps sees ashes in the vehicle, and perhaps a burning joint, then the officer would have additional factors the officer could consider in the probable cause calculus. Thank you very much, sir. Counsel, I have a question that follows up on that. So, your argument is saying that under no circumstances, if there's a strong, pungent odor of marijuana coming from the car, that the officer, without anything else, can never stop that driver. Is that what your argument is? My argument is absolutely that. That the odor alone. No matter how strong, they cannot use that as probable cause. Is that your argument? My argument is that the olfactory senses are incapable of differentiating. That's not what I asked, Counsel. I am asking whether your argument is real straightforward. Under your argument, the way I understand it, you're saying that a strong odor of cannabis alone coming from a vehicle is never enough for a probable cause to stop the driver.  Absolutely, yes. Okay, thank you. Okay. Mr. Carman? Thank you very much. May it please the Court, my name is Bruce Carman, and I'm going to scrap my argument and just start answering the Judge Justice Tyson question about can the odor of cannabis ever alone be sufficient for probable cause? And the short answer to that is, it depends. And the reason that it depends is because probable cause deals in probabilities, not possibilities. Under Stout, we didn't have to worry about possibilities and probabilities because there was no circumstance under which one could legally possess cannabis, and so that would give an officer probable cause to search a vehicle. However, once we get to the legislative amendments, now it becomes one possibility among many. And the Court has suggested, for example, that if the odor is so strong that there couldn't be any other conclusion but that someone was smoking cannabis in the vehicle, I can see that as a possibility, a possibility. But there are so many other possibilities. For example, if one's driving from Des Moines to Chicago and stops for gas, one can step out, if you're across the Iowa border, that is, you can step out of your vehicle and smoke cannabis. It wouldn't be illegal. Isn't there a concern about impaired driving? Is driving all of this? I mean, that's the concern. I mean, marijuana in your home, wherever, at the gas station, that's legal. But there's a real concern that I think even, that everyone embraces, that we don't want people who are really, really high driving down our highways. We're very worried about that. Agreed, Your Honor, and that is why it was so critical in the Redmond side of the case that Judge Dalton found there was, in fact, a trooper testified that there was no evidence of impairment. There was no evidence that anybody had recently smoked cannabis in the car except for the smell. No other basis. They didn't find any papers. They didn't find large amounts of cannabis. No evidence at all. So now we're in the totality of the circumstances situation. Counsel, let me ask you a question. So we know that cannabis has been legalized, but is there still a limit to how much cannabis you can have in your possession? And does that play into our analysis here? So are we dealing with a situation where if the odor of cannabis cannot constitute, the odor of cannabis alone, cannot constitute probable cause, a person can carry a truckload of cannabis down the highway, and because the officer only has the odor, that person can't be stopped? Stopped, yes. Searched, no. Can't be searched unless you have some reason other than the odor of cannabis to believe that criminal activity is afoot. And forgive me for sounding too much like our former President Clinton, but the key word here is is. The probable cause is what reasonable officer believes criminal activity is afoot, might be afoot, could be afoot. And that's the key here with the legislative amendments. Could you address the issue that we spoke of a little bit earlier with your co-counsel here? The legislature is real careful about what they're talking about in terms of automobiles for all the reasons we've talked about here, including the transportation, that you can't just have a truckload of marijuana or a pocketful of marijuana in a car. It has to be kept in a secure place. Let's put it that way. How does that fit into the analysis? Well, it fits into the analysis this way. I agree with Mr. Mervis that the statute does not require the packaging of cannabis to be approved. It requires it to be reasonably secure and not available to the driver. Well, that doesn't answer the question of what odors are emanating from the vehicle. And let me switch gears on you a little bit, Your Honor. Olfactory senses aren't like the other senses. Stout came out of what is called the plain sense doctrine, which is you have to plainly sense, see, hear something for there to be probable cause. Smell is not like that. You can't take a picture of a smell like you can objects that you see in plain sight. You can't record on your audio a sound you might have heard, for example, someone showing evidence of impairment. Smell is entirely subjective. In fact, in this day and age, and I think I argued this in my brief, in the day and age of COVID, there are people who have no sense of smell at all or have impaired senses of smell. It's also possible to confuse, when you're in an open-air situation, to confuse the odor of cannabis with something else. So we have to be a little bit careful in locking in the idea of probable cause. Just because you smell something that you think might be cannabis, the officer could be wrong. In the last minute or so that I have, or less than a minute or so, I wanted to tie in my argument to the ACLU and NACDL's argument. I'm sorry, counsel. Could you bring your remarks to a close? Thank you. Good morning, Your Honors. May it please the Court, I am Assistant Attorney General Mitchell Ness on behalf of the people. Probable cause of search of vehicle is met when an officer has a reasonable belief, considering the totality of the circumstances, that a search of that automobile may uncover criminal activity. That inquiry necessarily starts and is dependent on what constitutes criminal activity and is therefore a state-by-state proposition. Here, Illinois requires that a person transporting cannabis in a vehicle stores that cannabis in an odor-proof container and prohibits the use of cannabis in any vehicle. Given that that is the state of the law, an officer who detects the odor of raw or smoked cannabis emitting from a vehicle has probable cause to search that vehicle because the reasonable person would believe that the search of the vehicle may lead to a violation of those two specific crimes. Defendant's argument effectively urges the Court to ignore the vehicle code's odor-proof provisions, either implicitly or explicitly, and this Court simply can't do that. Counsel, if the odor is emanating from the person, you know, police reports that say, you know, he smelled strongly of cannabis, how does that play into the odor-proof container when the smell isn't coming from a container or coming from an object but coming from the person himself or herself? Sure, so it's important to distinguish the two cases here. One dealt with raw cannabis in which there was certainly no testimony that the smell came from the person. The officer testified that it came from the car. The second case dealt with smoked cannabis, which I think is probably closer to your hypothetical, which also was not the testimony in this case here. The testimony here was that the officer, in Mr. Redman's case, approached the vehicle. But I asked, my question to you was if it came from a person, if the smell was coming from a person as opposed to an object, how does that play into even the vehicle code, where there is no prohibition against having the smell on the person? So that isn't illegal itself. So how does that establish the probable cause to search? Sure, so I think all of the acts bring the use of marijuana in a vehicle. And that someone smells like a vehicle is certainly one factor out of the totality of circumstances that cannabis has been used recently. And if a person is traveling in a car, it may lead to the opposite, to suspect that the cannabis has been used. But your argument is that it doesn't, it's not one of the factors, that it is the factor that gives rise to probable cause. For smoked cannabis, yes, I do, I think it is important to point out. Can you say that raw cannabis can't be on a person, it's an organic material, it's like if you touched an onion or somebody was working somewhere and handled it, handed it to somebody. Can you say scientifically that it doesn't cling to the person then, the raw cannabis? No, but what's important to remember is that the standard here is not scientific proof of the crime. It is reasonable probability, it is an officer's reasonable belief that a crime may be committed. So the fact that there are innocent explanations for, or possible innocent explanations for a fact that an officer observes, does not mean that there's not probable cause. And so in those cases, sure, I guess a person could smell like raw cannabis, although there's been no scientific testimony that a person could smell like raw cannabis, such that an officer would be able to detect it. But that's just one of an innocent explanations that this court has said an officer does not need to, or probable cause is not met because there are hypothetical innocent explanations. Counsel, the rule that you're proposing, does it only apply to people in vehicles, or does it apply to people wherever they are? If I'm just walking down the street and I smell like cannabis, can the officer search me? That would be, certainly that would be a different case. The probable cause analysis comes down to the crime that's being suspected. And here, the crimes that were suspected of were transporting cannabis in a vehicle in a non-underproof container, and using cannabis in a vehicle. So it wouldn't give the officer probable cause if I'm just walking down the street and I smell like cannabis to search me? No, this court would have no reason to answer that question yes, in an eventual opinion. That's a different case. That would, I'm not going to. Let's just assume it is, but that's what they're proposing. They're saying it doesn't give you probable cause to search. You're saying you can search a vehicle, but you can't search a person. Is that what you're telling me? Right, because the crime here is smoking a vehicle, or using cannabis in a vehicle. And so if a person smells like cannabis while they're in a vehicle, that's some evidence that they used that cannabis while in the vehicle. If there was a similar crime that prohibited the use of cannabis while walking in a public place, and I'm not familiar enough to speak on the entire scheme of the cannabis laws in Illinois, then that's a different question. So it's not the smell alone. We're not, the state, you know, Scott was deciding on the fact that cannabis was contraband in every circumstance. And so that's why in every circumstance the smell of cannabis allowed a search. That's no longer the case. Cannabis is no longer contraband in every circumstance. But that doesn't absolve a person from following the laws that are in place. And so if you are prohibited from using cannabis in a vehicle, and the smell of cannabis in that vehicle on the person in the vehicle is probably the reasonable person to believe that the cannabis was used in the vehicle, then that provides probable cause to search the vehicle to uncover criminal activity. Do we have any alcohol cases that would support your position? Again, I think they seem very similar. If a police officer has a basis to stop a car, and the person driving has a strong smell of alcohol about them, do we have cases that explain whether that's probable cause to search the car or not? Sure. So, again, I'll distinguish between the raw and the smoked cannabis scenarios. As to the alcohol cases are distinguishable from the raw cannabis situations because the regulatory schemes amongst the two are different. Alcohol, the closest analogy for alcohol would be that you cannot have an open container in a car. But that doesn't say that you can't have alcohol. It doesn't mandate that you transport alcohol in an odor-proof container. So it's not illegal to drink vodka driving down the road? No, it certainly is. The smell of alcohol alone does not prove that one has an open container in the car. A person can just smell like alcohol without having an open container in the car. So is there a statute in the vehicle code prohibiting the use of alcohol? As there's a statute here prohibiting the use of cannabis in a vehicle. Sure, so that would go to the smoked. Is there anything about alcohol, use of alcohol in the vehicle? Yes, I'm certain it's prohibited either in the vehicle code or some other criminal code. You cannot use alcohol while driving. And are there any cases to talk about when a car stops and police officers smell alcohol about the person? Yes. Do they have the right then to search the car? No, this court has never said that the smell of alcohol alone allows an officer to search a car based on the suspicion of any number of alcohol violations. That would go towards the use of cannabis in the vehicle, which is Mr. Redman's case. And so in those situations, as Mr. Redman pointed out, the smell of alcohol, the smell of cannabis is one of the totality of the circumstances which may lead an officer to suspect a violation of the code. So, again, what's important here is to... Why not adopt the analysis that's been proposed here, totality of the circumstances? This is one factor. I certainly think the court can do that as it relates to the smell of smoked cannabis. Smoked cannabis can be one of several factors, as I highlight for Mr. Redman's case, that led this officer to suspect that the person had used marijuana in the car. So you're conceding that the case here, I forget if it's Redman or which one it is, the one where there is burnt marijuana, you're conceding that that's the case in which the analysis should be totality of the circumstances. Are you conceding that? Yes, I think both are. The totality of the circumstances applies to both. The smoked cannabis, yes. In those cases, so it's not directly before this court because there were additional circumstances beyond the smell of cannabis alone. In Hill, this court said the same thing, basically that because there were other circumstances that led the officer to suspect a violation of the code, we are not really going to address the question of whether the smell of smoked cannabis alone is sufficient. This court, the same is true here. There were additional circumstances in Mr. Redman's case that led the officer to suspect a violation. And what was that? You pointed out some in your questions to Mr. Redman. Is Mr. Redman the case where the license plate is dangling and that's why he was stopped? I don't remember what led to the initial stop. There was certainly no argument that the initial stop was invalid. So he got stopped for a dangling license plate. I think that's Redman. Yes, it is Redman. And then he stopped. The officer interviews the driver. He smelled the smoke and asked him to get out of the car. Then the officer later is asked what other circumstances led him to have probable cause to switch the car. And I believe this is the case where he said, well, I-80 is a known traffic truck route. Is that? Are those the factors that? So the factors I highlight in my brief, and this is a test based on objective factors, not necessarily what he testified to. And the facts that I believe led to probable cause in this case are that he said that he was driving from Des Moines to Chicago. He was arrested or he was pulled over in Henry County, which is directly in the middle. He said he'd been driving for hours. Whether he had stopped was certainly not part of the testimony. The officer removed him from the car and testified that he continued to smell marijuana from the car itself, not from just the person. I think that's obviously an important factor in determining whether cannabis was used around him, stuck to him, or used in the vehicle. He also testified that there was a strong smell of cannabis, suggesting that at a minimum it had been smelled recently. Although, again, there's no scientific testimony on this at the trial court level. I think we can all assume the strong smell is reasonable to assume that it's been used recently. And then that it came from the car. And so because it is a violation of the law to use cannabis in a vehicle, those factors I think lead a reasonable person to believe that Mr. Redman had violated the law against using cannabis in a vehicle. And how is raw cannabis different? So raw cannabis is different because the statute at play is different. So what's really important here is looking at what the crime is, what the crime of being alleged is. It's not simply, you know, no longer is it just contraband such that that is the kind of blanket violation that cannabis is contraband and therefore the smell violates. Here, as the officer testified, the vehicle code prohibits the transportation of cannabis in a vehicle unless it is in an odor-proof container. And so for raw cannabis, because the smell of raw cannabis wouldn't lead someone to think that the cannabis has been smoked, the difference obviously between smoked and raw is clear there, but raw cannabis would lead a reasonable person to suspect a violation of the odor-proof requirement found in the vehicle code. Because necessarily the smell of raw cannabis emitted from a vehicle is not being carried in an odor-proof container. It's obviously proof that there's cannabis in the vehicle, and then that you can smell it is indication that it's not being transported in an odor-proof container. Mr. Molina now suggests that Mr. Molina would prefer that the odor-proof container requirement not exist, and so does his best to ignore it. He said in opening here that it is impossible to comply with the odor-proof container. Certainly he's forfeited any argument that it is impossible to comply with, and there's no testimony that it is impossible to comply with the odor-proof requirement. And that's clearly not the legislature's belief, because they enacted the odor-proof requirement in 2019 at the exact same time that they put in place the now full legalization system in the Cannabis Act. So when they enacted the Cannabis Act and said, you know, cannabis is largely legal, they also amended the vehicle code and included for the first time the odor-proof requirement. So clearly the General Assembly's belief that someone can comply with that requirement. I would also point out the odor-proof requirement, it's not the only place the odor-proof requirement is found. It actually is in the Cannabis Act. The Cannabis Act requires dispensaries to sell cannabis and package it in odor-proof containers when it's at the initial point of sale. So clearly the legislature believes that this is possible. It is possible to contain your cannabis in an odor-proof container. But, counsel, what about the language in the Medical Cannabis Act that doesn't say odor-proof? Right, so that would go to a defendant to try and tie itself to the odor-proof container requirement. Now wants his court to simply overrule and strike down the odor-proof container requirement by arguing that these two, these regimes are in conflict with each other. I have yet to hear an argument as to why they are actually in conflict with each other. He simply presumes as much and then argues that one is more specific than the other. One should apply. Right, I mean one says odor-proof, one says reasonably secured, sealed container. Right. Is there a difference? I don't, so that they're written differently does not mean they're in conflict. My question is, is there a difference between an odor-proof container and a container that's reasonably sealed and secured? I think it is a reasonable assumption to make that the container that is reasonably sealed would be odor-proof. We don't have testimony on that from, you know, scientific experts, so I can't say with certainty that that would be the case. But I certainly do think that the Cannabis Act and the Medical Act's requirements that something be in a sealed or resealable container are not in conflict with the Vehicle Codes enactment. That it being an odor-proof container, I think the Vehicle Codes language is simply an additional, you know, more specific step to the container you're supposed to be carrying your cannabis in. So I do not think they're in conflict just because they're written somewhat differently. And I think the General Assembly, as I've discussed, was of the same belief when they enacted these provisions in the same, the exact same bill. They put them in the same bill. And there's been some discussion in the briefs about the fact that the Senate passed legislation that now says that, you know, takes away the odor-proof requirement. What should we infer from that? I realize that's not the law now, but what, if anything, should we infer from that? I would infer from that that the current Senate believes that the odor-proof requirement should not be in place. It certainly means nothing with regard to what the 2019, 2020, and 2021 assemblies believed with regard to whether these statutes were in conflict with each other. Well, I guess I'm wondering if the Medical Cannabis Act requirement does not require odor-proof, but now the Senate is taking that out. Is that an inference? Can we draw the inference that they believe that odor-proof is required right now and we're going to get rid of that? Certainly, I would say that they understand that that is what is written in the law, yes. I mean, clearly, that is what the law says, is that the vehicle code says that cannabis must be transported in an odor-proof container. This current Senate, by trying to rescind that provision, you know, is somewhat acknowledging that that is the way the law is written. And that's not necessarily what Mr. Molina's point is. And Mr. Molina's point is that that is the way the law is written, but it's written in such a way that it's a conflict with the med flags, which I disagree with, because that the two statutes are written differently and does not mean they're in conflict with each other. I just want to go back to one thing Justice Tice asked Mr. Molina's attorney, which was about, essentially, about standards of proof and probabilities. And, you know, probable cause, despite its name, does not actually require probability in the sense that something be more probable than not. It simply requires a reasonable belief that there's criminal activity at foot. And so there's not a 51%, you know, this is the most likely thing, therefore, a probable cause exists. This court has very clearly said that that is not the case. And so probability is certainly built into the word probable cause, but it is not necessarily the test that is used. The test that is used is what a reasonable person would believe based on facts and circumstances, considering potential innocent explanations, and considering all that within the totality. Counsel, I just want to ask you, because I'm not real clear, are there any circumstances where the odor of cannabis alone is probable cause to search? If the odor is of raw cannabis, and the person is driving the vehicle. And I think that whether the smell of cannabis issue is certainly a closer call, closer to the smell of alcohol, not necessarily before this court, but I can see that the smell of cannabis. So if a person is driving a vehicle and the officer smells raw cannabis, then the officer does have probable cause to search. Correct, because it would lead an officer to have, it would lead a reasonable person to believe that there's cannabis in the vehicle, and that because it is odorous that it is not in an odor-proof container, and that is the criminal violation at issue here. So I'm still, I'm confused as well. So the strong smell of burnt cannabis is not enough on its own to support probable cause for the crime of use, but the smell of raw cannabis, much less pungent, is probable cause on its own to support the, when I say support, I'm obviously shorthanding, but probable cause to believe that a violation of transporting in a container. Is that what you're saying? Is that the distinction you're drawing? I don't think you're confused at all. I think you, yes, I think that is correct. These are, not only are they different, I mean, these are tricky control data cases because they're different, smoking raw cannabis, and then there's different specific causes. So what if it's really a strong smell of burnt that doesn't lead to some kind of suspicion, I don't know if you have to use that word, but I mean the probability of failure to have a container? They're not related in any way? So in the brief, I do argue that the smell of, the tricky part is that the word strong is already another factor on top of the smell. And so the strong smell of cannabis is different than the smell of smoked cannabis. The strong smell of smoked cannabis is different than the smell of smoked cannabis. So the strong smell of cannabis would be, now that's two factors, right? You have the strong smell and smoked cannabis. Okay, so burnt cannabis, you're stopped and the officer smells burnt cannabis. In your opinion, or your argument is that that alone is insufficient to search the vehicle. I think that's correct, though it's not necessarily before this court because there were, this court doesn't have to answer the question here because there were additional circumstances in this case, which I believe led to the problem caused. Okay, any other questions? Okay. Thank you very much, counsel. You're welcome. For this court to accept the government's presumed distinction between the treatment of raw cannabis and the treatment of smoked cannabis, this court would have to first find that the Illinois legislature legalized the use of cannabis, the possession of cannabis, provided that that cannabis has already been smoked. No, no, no. Not just use, smoking in a vehicle. I mean the concern here, let's go back to where I started. The concern here is the safety of the public driving down the highway and impaired drivers. And we're concerned about drunk drivers and we're concerned about high drivers. So this is narrowed to what is happening inside this car. So I'm going to ask you to at least limit your remarks to the vehicle part of this. Absolutely, yes. Your Honor is absolutely correct. That is the concern, is it not? The concern is that we don't want impaired drivers operating motor vehicles under the influence of cannabis or while consuming cannabis. And Your Honor has repeatedly asked that both myself, my colleague Mr. Carman, and my opponent question regarding the alcohol statutes and the interplay of them and how we should look at them for guidance as to how we treat cannabis. And I've agreed with Your Honor in response to Your Honor's question of me that I think that that's a perfectly appropriate comparison. And I was listening carefully to my opponent when my opponent was answering your questions on this very issue. You asked him about a container of alcohol in the vehicle. Your Honor will recall you asked him can a person use alcohol while driving down the road and the answer was well no, there are some restrictions on the use of alcohol. Well I want to be more precise in response to that. Illegal transportation of alcohol is comprised of the transportation of alcohol within the passenger compartment of a motor vehicle when there's a broken seal, when the container of alcohol is open. And in fact, in response to the court's question with respect to whether there's any jurisprudence or any case law on the issue, we cite within our brief a case that deals with the issue of the strong order of alcohol coupled with an officer's observation of an open container of alcohol in a brown bag. So there was an additional factor. And that's ultimately the argument here. The argument is that the officer can consider the totality of the circumstances when determining what weight to be placed on the order of cannabis, whether it's raw or whether it's smoked. That is a distinction of very little constitutional importance that our government is attempting to distract the court to focus on. And the issue of whether or not the law requires that the cannabis be in an order-proof container or a reasonably secured container. We can focus on that issue, but ultimately that's not really the issue before you. Because whether it's in an order-proof container doesn't respond to the question of whether or not the order of cannabis connotes unlawful transportation. It is a factor that the officer can consider in the probable cause calculus. Whether the cannabis is raw, whether the cannabis order is burnt cannabis, is a distinction of little to no constitutional importance to this court's determination. Once cannabis was legalized, it wasn't legalized provided it was smoked only. Once cannabis was legalized, the order of cannabis in a motor vehicle, whether it's burnt or whether it's raw, must be only a factor in the probable cause analysis. It is not the be-all and end-all. The government essentially concedes that it's a totality of the circumstances analysis. In response to your Honor's question with respect to the person walking down the street, and I realize that's not a person driving, but there are restrictions in the Recreational Cannabis Act that prohibit someone from consuming cannabis in a public place. But the government concedes if the officer is walking down the street and smells someone who smells of cannabis, the officer doesn't have a basis to stop and search that individual, notwithstanding the smell. Well, I think that concedes the point. Counsel, in that calculus, is the smell of the cannabis and the very, very strong smell of cannabis, is there a difference between those? Does the radiation of that smell make a distinction that changes the calculus? In and of itself, no. And the reason is because the detection of the olfactory senses, as Mr. Carman argued, is highly subjective and variable. And so the smell alone without more is not sufficient. I gave the example of the strong smell of burnt cannabis coupled with smoke wafting out of the vehicle, or perhaps ashes burning in the vehicle. That would be additional circumstances that would go into the probable cause calculus that might establish probable cause. But the smell alone simply can't be a basis for a search. Thank you very much, Counsel. Your Honors, we've been dealing with some large questions today, but because of Mr. Ness's argument, I have to deal with some small ones. He has suggested that this case is different than the average burnt cannabis case because there are other factors. Well, I would direct him to Judge Dalton's opinion because Judge Dalton dealt with each and every one of those factors. Judge Dalton said there's no evidence of impairment. Judge Dalton completely dismissed the idea, and I admit that I wrote about it somewhat mockingly in my reply to it, the idea that Des Moines to Chicago is a major drug corridor. I've been doing cannabis trafficking cases for 23 years, and that's the first time I've heard that one. I've heard about California, I've heard about Arizona, I've heard about Colorado, but I've never known Iowa to be a major source of drug trafficking. There's also the officer taking into consideration my client's living and driving plans about how he was staying in Des Moines. Again, I don't, because of COVID, I don't know how that really plays into everything, but this Court reviews in a motion suppressed, this Court reviews the factual conclusions of the trial court on a manifest way of the evidence, and there is no evidence, at least based on Judge Dalton's opinion, that any of these things really played into Trooper Combs' determination to search the vehicle. In fact, I asked the Trooper, I said, you're really doing this because you smelled cannabis, aren't you? And he said, that was the major reason that I did this on him. And I think the Court's opinion, excuse me, the trial court's opinion, suggests that there really wasn't any other reason. The reason was because he smelled it, and he thought, again, because the smell hadn't been changed, or he thought it probably still had probable cause. And we really haven't talked about, counsel, the good faith exception. What role does that play? I don't think there is a good faith exception in this circumstance, because the legislature enacted the Cannabis Act in 2020, I believe, and became effective in early 2020, when this search took place almost a year, I think, after that law took force. Police officers knew at that point that the possession of, or should know by that point, that the smell of cannabis isn't the same as it was prior to, in the Hill and Stout era. The last thing I'd like to say, and I know we don't have a lot of time here, is that this whole idea of plain smell is just a treasure trove of pretext and, unfortunately, racial discrimination. The statistics quoted by the ACLU in their reply are staggering with respect to the disparate stop and search of vehicles driven by people of color rather than by Caucasians. And it shows that this court needs to be cautious with allowing something as subjective as olfactory senses to allow officers to search vehicles on a pretext. And I think Judge Justice Tyson was very apt in pointing out, I think, that my client was stopped because he had a dangling license plate. Well, my client also is African American. That's why it's very important that this court proceed very cautiously in trying to expand how cannabis is used as a pretext. The seasoning, the smell of cannabis is used as a pretext for searching vehicles of people of color and other minorities. And I think that's very important. Thank you, Your Honor. Thank you very much. And thank you, all three lawyers, for your vigorous arguments. We appreciate it very much. And it's an interesting question. This case, 129-201, 129-237, Agenda Number 4, People of the State of Illinois v. Redmond and Molina, Consolidated, will be taken under advisement. Thank you very much.